# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAMELA THOMAS, ET AL.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  15-4891** |
| **JAMES POHLMANN, ET AL.,**<br>    **Defendants** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court are two motions for summary judgment filed by the Defendants, Sheriff James Pohlmann and two unidentified St. Bernard Parish deputies.[1] Pursuant to the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Defendants seek summary judgment on all of the claims asserted by the Plaintiffs in this action. Plaintiffs oppose the motions.[2] For the reasons that follow, the motions for summary judgment are **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

This civil action arises from an incident that occurred on or about January 1, 2015, in the parking lot of a Dollar General Store located at 4201 East Judge Perez Drive in Chalmette, Louisiana.[3] On that date, deputies from the St. Bernard Parish Sheriff's Office responded to an emergency call regarding an ongoing disturbance in the parking lot of the aforementioned Dollar General Store. Upon arriving at the scene, deputies found, among others, Plaintiffs Derrick Jones and Ernest Jones, Jr., who are brothers, involved in a physical altercation in the parking lot.[4] Plaintiff Pamela Thomas, the mother of Ernest

---

[1] R. Docs. 17, 25.
[2] R. Docs. 24, 26. The Plaintiffs in this action include (1) Pamela Thomas, (2) Derrick Jones, and (3) Ernest Jones, Jr. When referring to them collectively, the Court uses "Plaintiffs."
[3] R. Doc. 1 at 4.
[4] Plaintiffs contend they were horse playing, while the Defendants contend Ernest and Derrick were engaged in a fight. The nature of the incident, and whether it was a serious fight or a jovial incident of horse playing, is not material to the Court's decision.

and Derrick, was also present at the scene. Each of the Plaintiffs—Pamela, Derrick, and Ernest—was arrested by St. Bernard Parish Sheriff's Office deputies. Pamela and Ernest were arrested for disturbing the peace by fighting, in violation of Louisiana Revised Statutes section 14:103(A)(1), and resisting an officer, in violation of Louisiana Revised Statutes section 14:108.[5] Derrick was arrested only for disturbing the peace by fighting. Pamela and Ernest subsequently pleaded guilty to both charges filed against them, and Derrick too pleaded guilty to the sole charge filed against him.[6]

On September 30, 2015, the Plaintiffs filed this federal action against (1) Sheriff James Pohlmann, in his official capacity as the Sheriff of St. Bernard Parish, and (2) John Doe and Jane Doe, two unidentified St. Bernard Parish Sheriff's Office deputies, in their official and individual capacities.[7] The Plaintiffs have alleged the following causes of action: (1) violations of 42 U.S.C. § 1983, namely that Plaintiffs were falsely arrested and subjected to excessive force at the hands of the Defendants; (2) a *Monell* claim against Sheriff James Pohlmann; and (3) certain state law claims, specifically claims under Louisiana Civil Code article 2315, for false arrest, excessive force, inflicting of emotional distress, battery, and assault.[8]

On April 27, 2016, Defendants filed a motion for summary judgment with respect to the claims asserted by Pamela and Derrick.[9] Defendants contend that, because Pamela pleaded guilty to state charges of disturbing the peace by fighting and resisting an officer, and because Derrick pleaded guilty to disturbing the peace by fighting, all of the claims brought in this action by Pamela and Derrick should be dismissed with prejudice pursuant

---

[5] *See* R. Doc. 17-2; R. Doc. 25-2.
[6] R. Docs. 17-2 at 3, 25-2 at 6.
[7] R. Doc. 1.
[8] R. Doc. 1 at 7–9.
[9] R. Doc. 17.

to the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants filed a nearly identical motion on June 2, 2016, with respect to the claims asserted by Plaintiff, Ernest Jones, Jr., a minor child whose claims are being maintained by his mother, Pamela Thomas.[10] Specifically, Defendants argue that, because Ernest, like Pamela, pleaded guilty to state charges of disturbing the peace by fighting and resisting an officer, his claims should be dismissed under *Heck*.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "An issue is material if its resolution could affect the outcome of the action."[12] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[13] All reasonable inferences are drawn in favor of the non-moving party.[14] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[15]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[16] If the

---

[10] *See* R. Doc. 25.

[11] FED. R. CIV. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[12] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).

[14] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[15] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

[16] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[17]

     If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[18] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[19] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[20] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose

---

[17] *Celotex*, 477 U.S. at 322–24.

[18] *Id*. at 331–32 (Brennan, J., dissenting).

[19] *See id*. at 332.

[20] *Id*. at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id*. at 332–33, 333 n.3.

upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[21]

## LAW AND ANALYSIS

In *Heck v. Humphrey*, the United States Supreme Court held, generally, that a plaintiff who has been convicted of a crime cannot bring a Section 1983 claim challenging the constitutionality of his or her conviction, unless that conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.[22] Specifically, the Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.[23]

"At the core of *Heck* is a proscription against allowing a civil suit to cast doubt on a criminal conviction. However, where no conflict exists between the conviction and the claims involved in the civil complaint, the § 1983 suit must be allowed to proceed."[24]

---

[21] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[22] 512 U.S. 477, 486–87 (1994).
[23] *Id.* (emphasis in original).
[24] *Crowe v. Hoffman*, No. 12-687, 2013 WL 357006, at *2 (E.D. La. Jan. 29, 2013) (citing *Heck*, 512 U.S. at 487).

# I.     Section 1983 Claims

### a. *False Arrest*

Defendants are entitled to summary judgment on each of the three Plaintiffs' false arrest claims asserted under Section 1983, which fail as a matter of law pursuant to the *Heck* doctrine. In *Walter v. Horseshoe Entertainment*, the Fifth Circuit held that:

> In order to support a claim for unlawful [or false] arrest, a plaintiff must show that he was arrested without probable cause. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 481 (5th Cir. 1999). Here, the plaintiffs were arrested for crimes of which they were ultimately convicted. *Heck* therefore bars recovery for the false arrest claim, because the conviction necessarily implies that there was probable cause for the arrest. *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999).[25]

Similarly, where the plaintiff's conviction on a charge for which he or she was arrested is by way of a guilty plea, or a plea of no contest, to that charge, the plea necessarily implies that there was probable cause for the arrest and, thus, that the arrest was not unlawful or false.[26]

In this case, Pamela and Ernest pleaded guilty in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, to charges of (1) disturbing the peace by fighting, in violation of Louisiana Revised Statutes section 14:103(A)(1), and (2) resisting an officer, in violation of Louisiana Revised Statutes section 14:108.[27] Derrick pleaded guilty to disturbing the peace by fighting, in violation of Louisiana Revised Statutes

---

[25] *Walter v. Horseshoe Entm't*, 483 F. App'x 884, 887–88 (5th Cir. 2012).

[26] *See, e.g., Buckenberger v. Reed*, 342 F. App'x 58, 61 (5th Cir. 2009); *Wallace v. City of Slidell*, No. 15-383, 2016 WL 1223065, at *2 (E.D. La. Mar. 29, 2016) ("By definition, the claim of false arrest, in particular, challenges to the lawfulness of an arrest. By entering no-contest pleas, each of the arrestee-Plaintiffs has been 'convicted' of crimes for which he or she was arrested. A judgment on the false arrest claims in favor of the arrestee-Plaintiffs would necessarily imply the invalidity of those convictions, which have not been reversed, expunged, or otherwise invalidated. As a result, the claims of false arrest are barred."); *Magee v. Reed*, No. 14-1986, 2015 WL 5020252, at *3–4 (E.D. La. Aug. 19, 2015); *Idel v. New Orleans Police Dep't*, No. 11-1078-DEK, 2012 WL 860380, at *2–3 (E.D. La. Mar. 13, 2012); *DeLeon v. City of Corpus Christi*, No. C.A. C-05-096, 2005 WL 2045562, at *2 (S.D. Tex. Aug. 24, 2005); *Barker v. Jack*, No. 3:04-CV-0596-G, 2004 WL 1144144, at *2 n.2 (N.D. Tex. May 20, 2004).

[27] *See* R. Doc. 17-2; R. Doc. 25-2.

section 14:103(A)(1).[28] These are the same charges for which each Plaintiff was arrested; that is, Pamela and Ernest were arrested for disturbing the peace by fighting and resisting an officer, and Derrick was arrested for disturbing the peace by fighting.[29] Despite Pamela's and Ernest's guilty pleas to disturbing the peace by fighting and resisting arrest, and Derrick's guilty plea to disturbing the peace by fighting, Plaintiffs now argue that their arrests on those charges, from which their guilty pleas stem, amounted to false arrests in violation of Title 28, United States Code, Section 1983. This is the precise type of inconsistency against which the *Heck* doctrine is meant to guard.

Under Fifth Circuit case law, the Plaintiffs' guilty pleas, Pamela's and Ernest's to disturbing the peace by fighting and resisting an officer, and Derrick's to disturbing the peace by fighting, necessarily imply that their arrests on the same charges were supported by probable cause.[30] Moreover, Plaintiffs' guilty pleas have not been reversed, expunged, or otherwise invalidated.[31] As a result, Plaintiffs are foreclosed under *Heck* from pursuing their Section 1983 false arrest claims.

b. *Excessive Force*

"How *Heck* applies to excessive force claims is not always clear."[32] Unlike for false arrest claims, *Heck* does not operate as a *per se* bar on excessive force claims.[33] In fact, the Fifth Circuit has held that, unlike with claims of false arrest, "[b]y proving an excessive force claim, a plaintiff will not invariably invalidate his conviction."[34] To determine if a plaintiff's excessive force claim is barred under the *Heck* doctrine, the district court must

---

[28] R. Doc. 17-2.
[29] *See* R. Docs. 17-2, 25-2; *see also* R. Doc. 17-4.
[30] *See supra* notes 25, 26.
[31] R. Doc. 17-4 at 2, ¶7; R. Doc. 25-3 at 2, ¶7; R. Docs. 24-1, 26-1.
[32] *Arnold v. Town of Slaughter*, 100 F. App'x 321, 323 (5th Cir. 2004).
[33] *Wallace*, 2016 WL 1223065, at *2 (citing *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008)).
[34] *Arnold*, 100 F. App'x at 323 (citing *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 2006)).

analyze (1) "the specific elements that comprise the conviction[s] at issue," and (2) "the specific facts being alleged in the civil case."[35] Stated differently, the Court is "required to conduct a fact-specific analysis to determine whether success on [a plaintiff's] excessive force claim would require negation of an element of the criminal offenses with which she is charged, or proof of a fact that is inherently inconsistent with a conviction on one of the underlying criminal charges."[36] "[O]nly 'certain convictions' will bar an excessive force claim,"[37] as the *Heck* doctrine applies only where the underlying criminal convictions and the excessive force claims are inconsistent.[38] For example, the Fifth Circuit has held that "[a] claim of excessive force that is 'temporally and conceptually' distinct from the conviction would not be barred by *Heck*," but when the excessive force claim and the underlying conviction "stem from a single interaction," *Heck* operates to bar the excessive force claim.[39]

      1.   Resisting Arrest – Pamela Thomas & Ernest Jones, Jr.

Pamela and Ernest pleaded guilty to, and thus were convicted of, resisting an officer, in violation of Louisiana Revised Statutes section 14:108.[40]

In *Arnold v. Town of Slaughter*, the Fifth Circuit confronted the very issue of whether a conviction for resisting arrest under Louisiana Revised Statutes section 14:108 and the facts underling the plaintiff's excessive force claims under Section 1983 stemmed

---

[35] *Bramlett v. Buell*, No. Civ.A. 04-518, 2004 WL 2988486, at *4 (E.D. La. Dec. 9, 2004). *See also Mayberry v. Hamblen*, No. Civ.A. SA02CA0521FBN, 2006 WL 503511, at *8 (W.D. Tex. Feb. 21, 2006) ("[A] *Heck* determination focuses on the specific elements of the conviction and the specific facts alleged in the civil case.").
[36] *Wilson v. Dailey*, No. 11-117, 2011 WL 2637183, at *2 (E.D. La. July 6, 2011) (citing *Bush*, 513 F.3d at 497).
[37] *Crowe v. Hoffman*, No. 12-687, 2013 WL 357006, at *2 (E.D. La. Jan. 29, 2013) (quoting *Hudson*, 98 F.3d at 873).
[38] *See, e.g., Bramlett*, 2004 WL 2988486, at *4.
[39] *Walter*, 483 F. App'x at 887 (quoting *Bush*, 513 F.3d at 498).
[40] *See* R. Doc. 17-2; R. Doc. 25-2. Pamela and Ernest also both pleaded guilty to disturbing the peace by fighting, in violation of Louisiana Revised Statutes section 14:103(A)(1).

8

from "a single interaction."[41] In the *Arnold* case, the Fifth Circuit held that, because the plaintiff had been convicted of resisting arrest, and because the plaintiff's excessive force claims went to the facts underlying his resisting arrest conviction, his excessive force claims were barred by *Heck*:

> Arnold's claims are not that the police used excessive force after he stopped resisting arrest or even that the officers used excessive and unreasonable force to stop resistance. Instead, Arnold claims that he did nothing wrong, but was viciously attacked for no reason. . . . In this way, Arnold's claims are distinguishable from excessive force claims that survive *Heck*'s bar.[42]

The Fifth Circuit in *Arnold* found it significant that, in bringing his excessive force claims, the plaintiff maintained "he did nothing wrong" and was "attacked for no reason."[43] By arguing that he did nothing wrong, the Fifth Circuit reasoned that the plaintiff believed he was innocent and that he, in fact, did not resist arrest, despite having been convicted of that offense in state court.[44] Under these circumstances, the Fifth Circuit concluded that the plaintiff's excessive force claims "squarely challenge[d] the factual determination that underlie[d] his conviction for resisting an officer," finding that the plaintiff's excessive force claims and resisting-an-officer conviction stemmed from a single interaction and, thus, were barred under *Heck*.[45]

The Fifth Circuit reached a similar conclusion in *DeLeon v. City of Corpus Christi*, a case in which the plaintiff was convicted in state court of aggravated assault of a police officer and subsequently brought excessive force claims against the officer and the Corpus Christi Police Department in federal court.[46] The Fifth Circuit noted the plaintiff's

---

[41] 100 F. App'x 321.
[42] *Id.* at 324.
[43] *Id.*
[44] *Id.*
[45] *Id.* at 324–25.
[46] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007).

complaint did not allege that "his claims of excessive force [were] separable from his aggravated assault on the officer. Instead, the complaint maintain[ed] that [the plaintiff] did nothing wrong, that he simply defended himself, against mace, baton, and then gun, as the violence escalated."[47] In sum, the Fifth Circuit found that the plaintiff's excessive force claims and his aggravated-assault-on-an-officer conviction were "presented as a single violent encounter through which [the officer] used excessive force."[48] Citing its decision in *Arnold*, the Fifth Circuit concluded, because the plaintiff maintained his innocence, his excessive force claims contradicted his state court conviction of aggravated assault on an officer, and the two were "inseparable."[49] For that reason, the Fifth Circuit affirmed the district court's dismissal of the plaintiff's excessive force claims under *Heck*.[50]

In *Daigre v. City of Waveland, Mississippi*, the Fifth Circuit likewise noted that, despite having been convicted of resisting arrest in state court, the plaintiff maintained her innocence in bringing federal excessive force claims against the arresting officer and police department.[51] The Fifth Circuit reasoned, in line with *Arnold* and *DeLeon*, that the plaintiff's excessive force claims were barred because she thought she was innocent with respect to the "entire arrest encounter," which undermined her resisting-arrest conviction because it was clear the excessive force claims were based on a single interaction with police, the same interaction that resulted in her being charged with resisting arrest.[52]

---

[47] *Id.*
[48] *Id.* at 656–57.
[49] *Id.* at 657.
[50] *Id.*
[51] *Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 286–87 (5th Cir. 2013).
[52] *Id.* at 287 (alterations omitted) (quoting *DeLeon*, 488 F.3d at 657).

The Fifth Circuit rendered another similar decision in *Walker v. Munsell*. In *Walker*, the circuit noted the plaintiff's claim "[was] not that the officers used excessive force after he stopped resisting or to stop his resistance; his claim [was] based solely on his assertions that he did not resist arrest, did nothing wrong, and was attacked by the . . . officers for no reason."[53] For those reasons, the Fifth Circuit in *Walker*, relying on its prior decisions in *Arnold* and *DeLeon*, reasoned that the plaintiff's excessive force claims "squarely challenge[d] the factual determination that underlie[d] his conviction for resisting an officer," and if the plaintiff prevailed, "he [would] have established that his criminal conviction lack[ed] any basis."[54]

A court in the Western District of Louisiana aptly summarized the foregoing line of jurisprudence in a recent decision, stating that "when a plaintiff contends that he did not resist arrest, that is, that he committed no offense and was instead unjustly victimized, the Fifth Circuit has uniformly concluded that his excessive force claim is *Heck* barred because the excessive force claim necessarily attacks the validity of the conviction for resisting arrest."[55]

In this case, Pamela and Ernest very clearly allege in their Complaint that, "[a]t all times during the encounter with the Defendants, Plaintiffs acted in a lawful manner."[56] That is, Pamela and Ernest maintain their innocence with respect to their encounter with St. Bernard Parish Sheriff's Office deputies on January 1, 2015.[57] Similar to *Arnold*, *DeLeon*, *Daigre*, *Walker*, and *Price*, the allegations of innocence in this case are necessarily inconsistent with the factual determinations underlying Pamela's and Ernest's

---

[53] *Walker v. Munsell*, 281 F. App'x 388, 389 (5th Cir. 2008).
[54] *Id.*
[55] *Price v. City of Rayne*, No. 13-0790, 2016 WL 866945, at *3 (W.D. La. Mar. 3, 2016).
[56] R. Doc. 1 at 5.
[57] *See generally* R. Doc. 1.

convictions for resisting arrest in violation of Louisiana Revised Statutes section 14:108. Pamela and Ernest have not alleged that their excessive force claims stem from conduct that occurred *after* they resisted arrest, nor do Pamela or Ernest allege that St. Bernard Parish Sheriff's Office deputies used excessive force to stop their resistance. Instead, it is clear that Pamela's and Ernest's excessive force claims stem from the same interaction with deputies that resulted in their convictions for resisting arrest. For these reasons, and in light of the Fifth Circuit jurisprudence detailed above, the Court finds that Pamela's and Ernest's excessive force claims are barred pursuant to *Heck*.

### 2. Disturbing the Peace – Derrick Jones

Derrick pleaded guilty only to disturbing the peace by fighting, in violation of Louisiana Revised Statutes section 14:103(A)(1).[58] Unlike Pamela and Ernest, Derrick did not plead guilty to, and thus was not convicted of, resisting an officer in violation of Louisiana Revised Statutes section 14:108.[59] The Court has not identified any cases in which a plaintiff's conviction for disturbing the peace by fighting was, in and of itself, found to bar excessive force claims under *Heck*. Moreover, Derrick's conviction for disturbing the peace by fighting—a charge stemming from his pre-arrest conduct—does not meet the requirements of *Heck* such that it bars his excessive force claims against the arresting deputies. *Heck* operates to bar Section 1983 claims that call into question or render invalid a prior conviction or sentence.[60] "[A]t the core of *Heck* is a proscription against allowing a civil tort suit to cast doubt on a criminal conviction."[61] Derrick's excessive force claims against the deputies who arrested him are not inconsistent with his

---

[58] R. Doc. 17-2.
[59] *See* R. Doc. 17-2; R. Doc. 17-4; R. Doc. 24-1.
[60] *See, e.g., Heck*, 512 U.S. at 486–87.
[61] *Bramlett*, 2004 WL 2988486, at *2 (citing *Heck*, 512 U.S. at 487).

conviction for disturbing the peace by fighting, a charge that stemmed from his conduct prior to the arrival of deputies from the St. Bernard Parish Sheriff's Office and, thus, prior to any alleged excessive force that he experienced at the hands of those deputies.

As a result, the Court finds that, because Derrick's excessive force claim is not inconsistent with his conviction for disturbing the peace by fighting, and because his excessive force claim does not call into question that conviction, Derrick's excessive force claim is not barred by *Heck*.[62]

## II.   *Monell* **Claims**

Plaintiffs, collectively, contend Sheriff James Pohlmann, in his official capacity as the Sheriff of St. Bernard Parish, "developed, implemented, enforced, encouraged, and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the civil rights and constitutional rights of the Plaintiffs that caused the violation of such rights."[63] These allegations amount to a claim of supervisory liability against Sheriff Pohlmann, and *ipso facto* the St. Bernard Parish Sheriff's Office, under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

Defendants argue, however, that "[s]upervisory liability claims under *Monell* require an underlying constitutional violation and where the underlying violation is barred by *Heck*[,] it cannot form the basis for a derivative *Monell* claim."[64] Defendants thus argue that, because Plaintiffs "have no viable claims due to the *Heck* rationale as a result of their guilty pleas," Plaintiffs' *Monell* claims also must fail.

---

[62] *See, e.g., Esteem v. City of Pasadena*, No. CV 04-662-GHK (MANx), 2007 WL 4270360, at *9 (C.D. Cal. Sept. 11, 2007) ("The fact that Esteem was disturbing the peace could be fully consistent with the fact that excessive force was used in the arrest.").

[63] R. Doc. 1 at 8.

[64] R. Doc. 17-1 at 16 (citing *Williams v. Town of Delhi*, No. 14-00043, 2015 WL 868746, at *7 (W.D. La. Feb. 27, 2015)). *See also* R. Doc. 25-1 at 16.

In *Williams v. Town of Delhi*, the Western District of Louisiana held, specifically, that "[s]upervisory liability claims under *Monell* require an underlying constitutional violation and, where the underlying violation is barred by *Heck*, it cannot form the basis for a derivative *Monell* claim."[65]

Therefore, the Defendants argument is correct in theory, but only the *Monell* claims asserted by Pamela and Ernest are barred thereunder. That is, because both constitutional violations alleged by Pamela and Ernest—*i.e.*, their false arrest and excessive force claims—are barred under *Heck*, so too are their *Monell* claims barred. Derrick's *Monell* claim, however, is not barred on this basis, as his excessive force claim is not *Heck* barred.

## III.   <u>State-Law Claims</u>

Plaintiffs, collectively, allege that the Defendants were negligent under Louisiana law as another theory of liability.[66] Specifically, Plaintiffs contend the Defendants are liable under Louisiana law for (1) false arrest; (2) excessive force; (3) inflicting emotional distress; (4) battery; and (5) assault.[67]

Because the Court concluded that all three of the Plaintiffs' false arrest claims under Section 1983 are barred under *Heck*, all three of the Plaintiffs' false arrest claims under Louisiana state law are also barred pursuant to *Heck*.[68]

---

[65] *Williams*, 2015 WL 868746, at *7 (citing *DeLeon*, 488 F.3d 649 (barring claims against individual officer and municipality pursuant to *Heck*); *Daigre*, 549 F. App'x at 287 (same); *Whatley v. Coffin*, 496 F. App'x 414, 417 (5th Cir. 2012) (per curiam) (same)).
[66] *See* R. Doc. 1 at 9.
[67] R. Doc. 1 at 9.
[68] *See, e.g., Wallace*, 2016 WL 1223065, at *2 (citing *Hainze v. Richards*, 207 F.3d 795, 799)) ("The arrestee-Plaintiffs assert § 1983 claims of false arrest, and state law claims of false imprisonment . . . . [T]he claims of false arrest [under § 1983] are barred. Furthermore, because the arrestee-Plaintiffs' state law claims of false imprisonment are premised on the unlawfulness of those arrests, as well, they too are precluded.").

With respect to Pamela and Ernest, the Court concluded that their Section 1983 excessive force claims are barred under *Heck*, as discussed *supra*. Pamela's and Ernest's state law claims for excessive force, assault, battery, and inflicting emotional distress are premised on the same basis as their Section 1983 excessive force claims.[69] For example, to prevail on assault and battery claims against a law enforcement officer, the plaintiff must establish that the officer acted with unreasonable or excessive force.[70] Similarly, to prevail on a claim that the officer inflicted emotional distress, the plaintiff must establish that the officer's conduct was "extreme" and "outrageous."[71] Given what must be proven, establishing state law claims of assault, battery, and inflicting emotional distress would be necessarily inconsistent with, and would call into question, the facts underlying Pamela's and Ernest's convictions for resisting arrest.[72] The Middle District of Louisiana recently came to a similar conclusion in *Collier v. Roberts*, a case in which the plaintiff was convicted of resisting arrest and subsequently brought state law claims for excessive force, assault, battery, and the intentional infliction of emotional distress.[73] The court in *Collier* concluded that, based on the proof requirements associated with state law assault, battery, and the intentional infliction of emotional distress claims, proving those claims would be inconsistent with the plaintiff's resisting arrest conviction. For that reason, the court found that the plaintiff's state law assault, battery, and intentional infliction of

---

[69] *See, e.g., id.* at *4 ("Relatedly, the arrestee-Plaintiffs' state law claims of assault and battery are also *Heck*-barred because they and the precluded § 1983 claims of excessive force are premised on the same basis."); *see also Hainze*, 207 F.3d at 799; *Foster v. City of Addis*, No. 13-00702-JJB-SCR, 2014 WL 5778922, at *4 (M.D. La. Nov. 3, 2014) (holding that *Heck* barred a plaintiff's assault and battery claims because they were inconsistent with her conviction for resisting an officer).

[70] *Wagster v. Gautreaux*, No. 12-00011-SDD-SCR, 2013 WL 6194516, at *15 (M.D. La. Nov. 26, 2013) (quoting *Elphage v. Gautreaux,* 969 F. Supp. 2d 493, 515 (M.D. La. 2013)).

[71] *Romain v. Governor's Office of Homeland Security and Emergency Preparedness*, No. 14-660-SDD-RLB, 2016 WL 3199504, at *4 (M.D. La. June 8, 2016) (citing *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991)).

[72] *See supra* note 69.

[73] *Collier v. Roberts*, No. 13-425-SDD-EWD, 2016 WL 3448607, at *6 (M.D. La. June 17, 2016).

emotional distress claims, along with his state law excessive force claims, were barred under *Heck*. This case is on all fours with *Collier*, and the Court sees no reason to diverge from that court's reasoning. Because Pamela's and Ernest's state law claims for excessive force, assault, battery, and inflicting emotional distress are premised on the same basis as their Section 1983 claims for excessive force, which are barred under *Heck*, and because their state law claims are inconsistent with their resisting arrest convictions, the Court finds that Pamela's and Ernest's state law claims are also barred.

With respect to Derrick, the Court has concluded that his federal excessive force claim is not *Heck* barred. Thus, neither are Derrick's state law claims for excessive force, inflicting emotional distress, battery, and assault barred.

<u>**CONCLUSION**</u>

For the foregoing reasons, **IT IS ORDERED** that the Defendants' motions for summary judgment are **GRANTED IN PART** and **DENIED IN PART**.

The motions are **GRANTED** to the extent that Pamela Thomas's, Ernest Jones, Jr.'s, and Derrick Jones's federal and state law claims for false arrest, or false imprisonment, are barred pursuant to *Heck v. Humphrey*, and those claims are **DISMISSED WITH PREJUDICE**.

The motions are also **GRANTED** to the extent that the remaining claims of Pamela Thomas and Ernest Jones, Jr.—their (1) federal and state law claims for excessive force, (2) state law claims for assault, battery, and inflicting emotional distress, and (3) *Monell* claims against Sheriff Pohlmann—are barred pursuant to *Heck*, and those claims are **DISMISSED WITH PREJUDICE**.

The motions are otherwise **DENIED**. Derrick's (1) Section 1983 excessive force claim, (2) *Monell* claim against Sheriff Pohlmann in his official capacity, and (3) state law

claims for excessive force, assault, battery, and inflicting emotional distress are not barred under *Heck* and, thus, are not dismissed.

**New Orleans, Louisiana, this 5th day of July, 2016.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

17